Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jessica E. Brown, Esq.
Nevada State Bar No. 14487
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
T: (702) 872-5555
F: (702) 872-5545
jburden@backuslaw.com
jacquelynfranco@backuslaw.com
jessicabrown@backuslaw.com

Attorneys for Defendant, *Albertson's LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HERNALDO MARTINEZ-MESTRE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ALBERTSON'S LLC, a foreign limited-liability company; DOES I-X; and ROES XI-XX, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

**NOTICE OF REMOVAL**

Defendant Albertson's, LLC. ("Albertsons") by and through its counsel of record, the law firm of BACKUS, CARRANZA & BURDEN, hereby file this instant notice of removal of this action to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof, state as follows:

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

1. Plaintiff HERNALDO MARTINEZ-MESTRE ("Plaintiff") is and was a resident of the State of Nevada. *See* Complaint at ¶1, attached as Exhibit A.

2. Defendant Albertson's is a company organized, existing, and doing business under

and by virtue of the laws of the State of Delaware, with its headquarters and principal place of business in the State of Idaho.

3. Plaintiff's Complaint was filed in the Eighth Judicial District Court for Clark County, Nevada on or about April 7, 2021. *Id*. The Summons and Complaint were served on Defendant on April 14, 2021. *Id*. Plaintiff's action alleges that on or about July 10, 2019, he slipped and fell at a Albertson's grocery store located at 2885 East Desert Inn Road, Las Vegas, Nevada 89121. *Id*. at ¶7. Plaintiff asserts against Defendant causes of action for "Negligence," "Negligent Hiring, Training, Supervision, and Retention," "Negligent Inspection and Maintenance." *Id*. at ¶¶15-30.

4. Defendant served an Answer to Plaintiff's First Amended Complaint on May 17, 2021. *See* Answer, attached as Exhibit B. Defendant served its Demand for Jury Trial on May 17, 2021. *See* Demand for Jury Trial, attached as Exhibit C. Defendant also served its Initial Appearance Fee Disclosure on May 17, 2021. *See* Initial Appearance Fee, attached as Exhibit D.

5. On June 7, 2021, Plaintiff served a Request for Exemption from Arbitration. *See* Request for Exemption from Arbitration, attached as Exhibit E. As such, Plaintiff has represented within the past thirty days that his medical bills and damages to date are more than $21,546.03. *Id*. Regarding that amount, Plaintiff states, "Said sum does not include future treatment, pain and suffering, or other amounts to be sought from a jury of his peers." *Id*. In addition to medical expenses, Plaintiff alleges lost income. He stated, "Plaintiff's weekly income decreased by $693.15 for 16 weeks," for a total of $11,090.40. *Id*. Plaintiff alleges that he has continued medical expenses and loss of income. *Id*. Further, Plaintiff alleges general and special damages in excess of $15,000.00; attorney's fees and costs; pre- and post-judgement interest; and any other relief deemed appropriate. *See* Complaint, attached as Exhibit A.

## II.

## **DIVERSITY JURISDICTION**

6. Pursuant to 28 U.S.C. 1332(a), a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the controversy is between "citizens of different states." *See* 28 § U.S.C. 1332(a).

7. Pursuant to 28 U.S.C. § 1332(a)(1), this case may be removed to United States

2

District Court for the District of Nevada because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

8. There is complete diversity in this matter as Plaintiff is a citizen of Nevada and Defendant is a citizen of Idaho.

9. Further, it is more likely than not that the amount in controversy will exceed $75,000. The preponderance of the evidence demonstrates that the amount in controversy can easily be reached based on the following factors: (1) Plaintiff states that he presently has more than $21,546.03 in medical costs and damages; (2) Plaintiff seeks general and special damages in an amount in excess of $15,000.00; (3) Plaintiff seeks more than $11,090.40 in lost wages; (4) Plaintiff seeks attorney's fees and costs; (5) Plaintiff seeks interest; and (6) Plaintiff seeks further relief as the Court deems proper. Therefore, it is more likely than not that the factors addressed above meet the requisite amount in controversy under 28 U.S.C. § 1332(a).

10. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

11. Defendant respectfully requests this matter be removed to the United States District Court for the District of Nevada.

### III.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12. 28 U.S.C. § 1446(b)(1) states: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

13. In addition, 28 U.S.C. § 1446(c)(2)(A)(ii) provides that for removal based on diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy except when the initial pleading seeks a monetary judgment, but the State practice, such as in Nevada, either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

14. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and there is more than $75,000 in controversy, exclusive of interest and costs.

15. Pursuant to the 28 U.S.C. § 1441, this action is one which may be removed to this Court.

16. Pursuant to 28 U.S.C. § 1446(c)(1), the date for this removal is not more than one year after the April 7, 2021 commencement of the state court action.

17. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all process, pleadings, and orders served upon Defendant in the state court are attached hereto. *See* **Exhibit A;** *see also* Defendant's Demand for Jury Trial, attached as **Exhibit B**; *see also* Defendant's Initial Appearance Fee, attached as **Exhibit C**; *see also* Defendant's Answer, attached as **Exhibit D**; see also Petition for Exemption from Arbitration, attached as **Exhibit E**.

18. A true and correct copy of this Notice of Removal will be filed with the Clerk for the Eighth Judicial District Court, Clark County, Nevada.

19. Therefore, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant is entitled to remove this action to this Court.

## **PRAYER**

20. WHEREFORE, Defendant prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada.

DATED this 9th day of June, 2021.

Respectfully Submitted,

**BACKUS, CARRANZA & BURDEN**

By: /s/ Jack P. Burden
    Jack P. Burden, Esq.
    Nevada State Bar No. 6918
    Jessica E. Brown, Esq.
    Nevada State Bar No. 14487
    3050 South Durango Drive
    Las Vegas, NV 89117
    *Attorneys for Defendant, Albertson's LLC*

# **CERTIFICATE OF SERVICE**

I am a resident of and employed in Clark County, Nevada. I am over the age of 18 years and not a party to the within action. My business address is: 3050 South Durango Drive, Las Vegas, Nevada, 89117.

On ___June 9___, 2021, I served this document on the parties listed on the attached service list via one or more of the methods of service described below as indicated next to the name of the served individual or entity by a checked box:

**VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**VIA FACSIMILE:** by transmitting to a facsimile machine maintained by the attorney or the party who has filed a written consent for such manner of service.

**BY PERSONAL SERVICE:** by personally hand-delivering or causing to be hand delivered by such designated individual whose particular duties include delivery of such on behalf of the firm, addressed to the individual(s) listed, signed by such individual or his/her representative accepting on his/her behalf. A receipt of copy signed and dated by such an individual confirming delivery of the document will be maintained with the document and is attached.

**BY E-MAIL:** by transmitting a copy of the document in the format to be used for attachments to the electronic-mail address designated by the attorney or the party who has filed a written consent for such manner of service.

**BY ELECTRONIC MEANS:** by electronically filing and serving with the court's vendor.

| ATTORNEYS OF RECORD | PARTIES REPRESENTED | METHOD OF SERVICE |
|---|---|---|
| John C. Courtney, Esq.<br>Sebastian F. Gajardo, Esq.<br>Andrew P. Dunning, Esq.<br>LBC LAW GROUP<br>3215 W. Charleston Blvd. #120<br>Las Vegas, NV 89102<br>T: 702.608.3030<br>F: 702.463.4443<br>info@LBCLawGroup.com | Plaintiff | ☐ Personal service<br>☐ Email service<br>☐ Fax service<br>☐ Mail service<br>☒ Electronic Means |

I declare that under penalty of perjury under the laws of the State of Nevada that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Anne Raymundo
An employee of BACKUS, CARRANZA & BURDEN